Compiler

# IN THE SUPERIOR COURT
## OF GUAM

PEOPLE OF GUAM,          )

                                )

            v.                     )

                                )

ROBBY ALBERT LEON GUERRERO,     )

                                )

                    Defendant.    )

Criminal Case no. CF0461-08

### DECISION AND ORDER
re: Restitution

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 13, 2011. The People were represented by Assistant Attorney General Nelson J. Werner. The Defendant was represented by Assistant Public Defender Loretta Gutierrez-Long. After considering the matter presented, the court now issues the following decision and order.

## BACKGROUND

On October 17, 2008, an indictment was filed which charged Defendant with one count of Burglary (as a Second Degree Felony) and one count of Theft of Property (as a Third Degree Felony). The indictment accused Defendant of unlawfully obtaining the "movable property of Grace Jerusalem, that is, a 37" television set, miscellaneous clothing, and DVDs" On September 4, 2009, the court entered judgment after it accepted Defendant's change of plea to Guilty, pursuant to terms of a plea agreement. Upon review of the plea agreement, the court declined to accept the values of the stolen items and ordered a restitution hearing be scheduled regarding the values of the above mentioned items.

## DISCUSSION

The court has jurisdiction over the matter pursuant to 7 G.C.A. §3105. The issue before the court is the amount the Defendant is liable for regarding the restitution of items reported stolen by him, but not recovered from Defendant's possession. The plea agreement states that "Defendant shall pay full restitution arising out of each charge in the Indictment, in an amount to be determined by the court pursuant to the limitations set in 9 GCA § 80.50(e)."



A defendant who has been convicted of an offense may be ordered to pay restitution for property shown to be lost as long as the restitution does not exceed the victim's loss in that offense. 9 G.C.A. § 80.50; see *U.S. v. Miguel*, 49 F.3d 505, 508 (9th Cir. 1995); see also *U.S. v. Tyler*, 767 F.2d 1350, 1351 (9th Cir. 1985)("[R]estitution is proper only for losses directly resulting from the defendant's offense."). The Government must prove the victim's loss by a preponderance of the evidence before the court will order any restitution. *U.S. v. Riley*, 335 F.3d 919, 929 (9th Cir. 2003). Under Title 9 G.C.A. §80.50(e), the court must make a finding as to the amount of gain or loss caused by the Defendant's actions. Under this statute, "gain" refers to the amount of money or value derived from the property by the offender. "Loss" means the amount of money or value of property separated from the victim as a direct result of the actions of the offender.

The court now addresses the victims' reported loss. The statement of restitution indicates that numerous items were damaged and/or stolen. According to the restitution report, the People request that the court order the Defendant to pay $8,832.34 in restitution. The Defendant however, objects to the following: (Claim #3) Sixty Play Station 2 Games because twenty-six games were recovered and the amount sought by the People for each game is not in accordance with their fair market value; (Claim #4) Play Station (portable) and Play Station games (portable) claims because they were never reported stolen; (Claim #10) One hundred DVD movies because forty-one DVD movies were recovered and the amount sought by the People for each movie is not in accordance with their fair market value; (Claim #11) Fifty CDs because three CDs were recovered and the amount sought by the People for each CD is not in accordance with their fair market value; (Claim #28) Boigle 37" TV because the report indicates that the TV is damaged not that the TV does not work; (Claims #1,2,6,7,8,9,12-24,27) The value of the remaining items because of the depreciation as to those items.

With regards to Grace Jerusalem's loss, the People seek to hold Defendant liable for $8,832.34 in restitution. However, the court finds it significant that 41 DVDs and 26 Play Station 2 Games were returned. The court also notes that the values of those items are less than what the People have requested due to depreciation. Thus, the court will only include $1,041.00

ORIGINAL

in the amount attributed to Grace Jerusalem's loss with regards to the DVDS and Play Station 2 Games.[1]

With regards to the claims involving the Play Station (portable), Play Station games (portable), and Fifty CDs, the court finds it significant that the police report indicates that none of these items were returned. However, factoring in depreciation among those items, the court will only include $600.00 in the amount attributed to Grace Jerusalem's loss.[2] With regards to the Boigle 37" TV, the Government has not met its burden in proving the TV's value fell $1,100.00 after it was returned. As stated above, "Loss" means the amount of money or value of property separated from the victim. However, the People's report indicates that the TV is damaged; not that money or the value of TV was separated from Ms. Jerusalem as a result of the Defendant's actions. The People have failed to meet its burden in proving Ms. Jerusalem suffered any "loss" with regards to the TV. Thus, Grace Jerusalem's loss will not include the $1,100.00 sought for the damage to the Boigle 37" TV.

The court also agrees with the Defendant regarding the value of many of the remaining items. After factoring in depreciation and the fair market value of those items when they were stolen, the court finds that the values of those items are less than what the People have requested. For example, the DVD Player, VCR, Ipod, Digital Camera, Karaoke Magic Mic, Seiko Watch, and Sony Notebook are all items whose fair market values were more at the time of purchase compared to when they were stolen. Thus, the court will only include $1,517.97 in the amount attributed to Grace Jerusalem's loss.[3]

---

[1] The total sum of the DVDs and PS2 games, according to the report, is $4,199.40

[2] The total sum of the PSP, PSP games, and the CDs, according to the report, is $969.99.

[3] The total sum of the DVD Player, VCR, Ipod, Digital Camera, Digital Handyman, Karaoke Magic Mic, Seiko Watch, and Sony Notebook, according to the report, is $2,486.96.

ORIGINAL

## CONCLUSION

For these reasons, the Defendant is ordered to pay restitution in the amount of $3,234.96 to Grace Jerusalem.

SO ORDERED, this 9th day of April 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 0 9 2012

James R. Borja
Deputy Clerk, Superior Court of Guam

ORIGINAL